IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER KEITH HANDY, (TDCJ #2092751) | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-0206 |
| ALLIE BOOKER, | § § | |
| Defendant. | § § | |

## ORDER OF DISMISSAL

Christopher Keith Handy, a Texas state inmate, filed this lawsuit against his former trial counsel, alleging violations of his civil rights under 42 U.S.C. § 1983, as well as several fraud-based claims. Handy asks this court to issue an injunction against the defendant "to stop her from making fraudulent statements" about Handy. Handy is representing himself and has filed a motion for leave to proceed without prepaying the filing fee. After reviewing the pleadings and Handy's litigation history, the court denies him leave to proceed without prepaying the filing fee and dismisses this case. The reasons are explained below.

Handy's complaint is governed by the Prison Litigation Reform Act (PLRA), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding without prepayment of the filing fee. *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil action without prepayment of the filing fee in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g);

*Adepegba*, 103 F.3d at 385. To fit within the exception, a prisoner must demonstrate that imminent danger of serious physical injury exists at the time he seeks to file his complaint. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The threat of harm must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003) (citation omitted).

Handy is a "three strikes" inmate who is barred under § 1915(g) from proceeding without prepaying the filing fee. *See, e.g., Handy v. Thomas*, Civil No. 4:99-cv-2490 (S.D. Tex. 1999); *Handy v. La. Bd. of Parole*, Civil No. 3:09-cv-0398 (M.D. La. 1999); *Handy v. Johnson*, Civil No. 97-20571 (5th Cir. 1998); *Handy v. Lassiter*, Civil No. 3:97-cv-0823 (S.D. Tex. 1997); *Handy v. La. Bd. of Pardons and Parole*, Civil No. 3:97-cv-484 (M.D. La. 1997); *see also Handy v. TDCJ*, Civil No. 4:17-cv-3650 (S.D. Tex. 2017) (dismissed without prejudice under § 1915(g)).

Handy's complaint alleges the defendant has engaged in fraudulent activities by creating a false contract and perpetuating lies about Handy to the state courts. Although Handy makes several conclusory references to his life being in danger, he does not allege specific facts demonstrating imminent danger of serious physical injury. Ridiculous or conclusory claims of imminent danger are insufficient to satisfy the exception found in § 1915(g). *See Ciarpaglini*, 352 F.3d at 331; *see also Miller v. U. of Tex. Medical Branch*, Civil No. 6:16-cv-0436, 2016 WL 3267346, at *2 (E.D. Tex. 2016) ("[G]eneral allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).") (citations omitted); *McClure v. Livingston*, Civil No. 5:12-cv-0256, 2012 WL 5987408, at *2 (E.D. Tex. 2012) ("The mere recitation of the phrase 'imminent danger' or 'my life is in danger' does not invoke the exception to Section 1915(g)."). Rather, a prisoner may invoke the § 1915(g) exception only upon "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the

likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (citation omitted). Handy's complaint does not demonstrate that he is in imminent danger of serious physical injury. He may not proceed without prepaying the filing fee.

Handy's motion for leave to proceed without prepaying the filing fee, (Docket Entry No. 2), is denied. The lawsuit is dismissed without prejudice under § 1915(g). Handy may move to reinstate this case upon payment of the full $400.00 filing fee within 30 days from the date of this dismissal.

The Clerk will provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED on January 26, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge